**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

CORY MACIAS, SHAWN BURNSIDE,
TAYLOR BRADLEY, MARISSA WHITE,
AND SHANNON WISE, Individually and on
Behalf of all others Similarly Situated,

      Plaintiffs,

vs.                                Case No. _____

                                         216(b) Collective Action

HQ MEN'S HAIRCUTS, LLC,
a Florida Limited Liability Company, and
NICOLETTE M LOSH, individually,

      Defendants.

_____/

## <u>COMPLAINT</u>

COMES NOW, Plaintiffs, CORY MACIAS, SHAWN BURNSIDE, TAYLOR BRARDLEY, MARISSA WHITE, and, SHANNON WISE and on behalf of all others (similarly situated who consent to their inclusion in a collective action within the preceding three years of this action, to and through the date of the final disposition of this action, (hereinafter "Plaintiffs"), by and through the undersigned counsel, hereby sues Defendants, HQ MEN'S HAIRCUTS, LLC ("HQ") and NICOLETTE M LOSH ("LOSH"), (collectively hereinafter "Defendants"), pursuant to *29 U.S.C. 216(b)*, of the Fair Labor Standards Act (the "FLSA"). Violations of the Florida Private Whistleblower Act, Florida Statute 448.102 ("FWA"), breach of Oral Contract, Unjust Enrichment and Quantum Meruit. This is also an action based on Plaintiffs state as follows:

## GENERAL ALLEGATIONS

1.    Plaintiff brings this action for violation of federal wage and hour laws by and on behalf of all similarly situated current and firmer employees of Defendant.

2.    This is an action by the Plaintiffs, and on behalf of all similarly situated current and former employees of Defendants, for damages exceeding $30,000 excluding attorneys' fees and costs pursuant to violation of Florida Private Whistleblower Act Florida Statute 448.102 ("FWA") This case is also a Breach of Oral Contract, Unjust Enrichment and Quantum Meruit.

3.    Pursuant to national, common policy and plan, the Plaintiffs and class of similarly situated current and former employees have been given the titles of "Barber."  The Plaintiffs and the class of similarly situated employees were unlawfully not compensated at a rate of one and one half their regular rate of pay for their overtime hours, and either treated as EXEMPT under the FLSA, or simply just willfully never paid for their overtime hours.

4.    Defendant did not track or record all the hours these employees worked during their term of employment; and alternatively, if later Defendants used any sort of time sheets in any of defendant's locations, it will be shown that Defendants willfully prohibited employees from recording overtime hours.

5.    Defendants have improperly and willfully classified all of its barbers as exempt from overtime wage provisions of the FHSA without a good faith basis.

6.    Furthermore, Defendant knew or should have known that these employee barbers fail the test for exempt employees and that their primary job duties are non-exempt duties and they are not independent contractors nor should have been paid in any exempt manner.

7.    Defendants knew and should have known that these employees did not fit into any administrative exemption as t heir primary jobs do not involve the use of discretion and

independent judgment in matters of significance affecting the company and its management and their primary job duty is sales and service, typically non-exempt under the FLSA.

8.    Defendants' customer generation and management system did not allow clients to rely on their own contacts and sources to generate business and sales though many did have their own customers.  Defendants required Plaintiffs to turn over access to leads and contact information to Defendant who restricted access and controlled all aspects of these relationships.

9.    Defendants' were aware that Plaintiffs had worked overtime hours and Defendants failed to pay Plaintiffs and all similarly situated employees in accordance with the Fair Labor Standards Act ("FLSA"). Specifically, Plaintiffs and similarly situated employees were not paid time and a half of their regularly rate of pay for all hours worked in excess of forty (40) hours per week, nor paid any premium for the overtime hours worked.  Plaintiffs and the class of similarly situated employees did not and currently do not perform work that meets the definition of any exemption under the FLSA, and the Defendant's pay practice are not only clearly unlawful, but UNFAIR as well.

10.   In this pleading, "Defendant" means the named Defendant and any other subsidiary or affiliated and wholly owned corporation, organization or entity responsible for the employment practices complained of herein (discovery may reveal additional Defendants that should be included).

11.   The allegations in this pleading are made without any admission that, as to any particular allegation, Plaintiffs bear the burden of pleading, proof, or persuasion. Plaintiff reserves all rights to plead in the alternative.

## JURISDICTION AND VENUE

12.   This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331, because this action involves a federal questions under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216 (b).

13.   This Court is empowered to issue a declaratory judgment under 28 U.S.C.§§ 2201 and 2202.

14.   This Court has personal jurisdiction over this action, because the Defendant operates substantial business in Ft. Myers, Lee County, Florida and a substantial amount of the damages at issue occurred in Lee County, Florida.

15.   Venue is proper to this Court pursuant to 28 U.S.C. Sec. 1391(b) because the parties reside in this district and because a substantial part of the events giving rise to the claims occurred in this District.

16.   Defendant HQ MEN'S HAIRCUTS LLC is an employer within the meaning of 29 U.S.C. § 203(d).

17.   The Defendant has, at all relevant times herein, grossed more than $500,000.00 in operating revenues during each of the last 3 years.

18.   The overtime wage provisions set forth in FLSA § 207 apply to Defendants, as all Defendants collectively engage in interstate commerce under the definition of the FLSA. Indeed, at all relevant times, Defendants engaged in interstate commerce and/or in the production of goods for commerce within the meaning of FLSA § 203 as a common business enterprise.

## THE PARTIES

### The representative Plaintiff, CORY MACIAS

19.    CORY MACIAS resided in Fort Myers, Florida. She worked for Defendants from October of 2012 through May of 2022 as a Barber and Manager of Defendant's business.

20.    When initially hired, she was promised part ownership of the business.  She invested extensive time and efforts into developing the sight using materials and work from her father, a contractor.  These actions were done in furtherance of the agreed business partnership interest.

21.    Plaintiff Macias was an employee of Defendants during this time as contemplated by 29 U.S.C. § 203.

22.    Furthermore, Plaintiff MACIAS is listed as a tenant on the lease and was locked out of the location by Defendants in violation of the lease.  The landlord was Ray Mascino and will testify to the contents of the lease.

23.    Macias primary job duty was that of a barber but she was also required to open the store, close the store and deal with the bookkeeping, scheduling, payments from clients and all other aspects of running the business as a manager, managing all other employees.

24.    There was a common pay plan which is attached hereto as **Exhibit A**, which all employees were required to abide by.  Plaintiff Macias also worked well over 40 hours per week.

25. While employed, Plaintiff Macias repeatedly informed Defendants that their labor practices were illegal.  Plaintiff complained that the employees should not be paid as 1099 independent contractors.

26. Defendant kept all customer contract information in an online application wherein none of the employees had access and were blocked from knowing or communicating with the customers.

27. Immediately prior to and contemporaneously in time, prior to Plaintiff Macias being constructively terminated, Macias had a phone call with Defendant Nicolette. Plaintiff reiterated that Defendant Nicolette's behavior was illegal and that the IRS and DOL were calling on the phone asking for information. Plaintiff Macias complained to Nicolette that her PPP loan funds were illegally appropriate and not used for salaries as Nicolette used them for upgrades to her home in Orlando.

28. Furthermore, Plaintiff Macias informed Nicolette about the phone calls from the Federal Government Representatives. Nicolette ordered Plaintiff Macias not to discuss the business with the Federal Government's representatives and Plaintiff Macias refused as she was aware and communicated to Nicolette that refusing to cooperate with the government in an investigation of this sort would be illegal and criminal.

29. Plaintiff Macias was forced to resign from employment as she could not follow the orders of Nicolette about not cooperating with Federal investigators and/or continue to participate in a situation where employees were being illegally misclassified.

30. Additionally, Plaintiff Macias learned that Defendants were engaged in a tip/wage theft scheme where Defendants would keep and/or underpay tips to employees. Plaintiff Macias learned that she was illegally absconded of at least $4,400.00 in tips and that may other employees were kept from their earnings/wages in the same manner. Interestingly, Plaintiff Macias also learned that Nicolette was claiming to have paid these monies to the employees and taking deductions for same but pocketing the monies.

31. Defendants retaliated against Plaintiff Macias as over the last few years while Plaintiff Macias had complained of the illegal behaviors, Defendant began withholding those monies as a punishment for Plaintiff's complaints of illegal behavior.

6

**DEFENDANTS**

32. Defendant HQ MEN'S HAIRCUTS, LLC is a Florida Limited Liability Company having its main place of business in Fort Myers, Florida, and Plaintiffs worked for Defendant in Fort Myers, Florida as a managers and employees, respectively, and at all times material hereto was and is engaged in interstate commerce.  Defendant has sufficient ties to Florida as it maintains employees in Florida and paid Plaintiff in Florida.

33. Defendant HQ MEN'S HAIRCUTS, LLC is a covered employer for purposes of the FLSA and the FWA.

34. Defendant NICOLETTE M LOSH is an individual officer of the Defendant Corporation HQ MEN'S HAIRCUTS, LLC and has operational control over Defendant as it pertains to Plaintiffs' claims in this case.

35. Declaratory, injunctive, legal and equitable relief sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

36. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

37. Defendant employed, though illegally misclassified these employees, more than 10 individuals over the last year of operation, subjecting Defendant to jurisdiction pursuant to the FWA.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

38. This collective action arises from an ongoing wrongful scheme by Defendant to: a) willfully misclassify, b) willfully underpay, and/or c) willfully refuse to pay overtime wages to Barbers who Defendant know or should have known, do not satisfy any of the FLSA exemptions.

39. Plaintiffs performed work for Defendants as barbers in their Fort Myers store in Lee County, Florida During 2019, 2020, 2021 and 2022.

7

40. Based on information and belief, Defendant earned a gross of over $500,000.00 over each year for the last three years.  These amounts include but are not limited to the gross amounts of payments from customers, tips received from all barbers, sales of products. Plaintiff's believe the amount may be much higher but that Defendants may have underreported income.

41. Furthermore, Defendant regularly received shipments of products and supplies using instrumentalities of interstate commerce for shipping and receiving, weekly, for many years. Many of these products were produced outside of Florida.  These products were used by all plaintiffs and others for customers of Defendants.

42. Additionally, Defendants took payment from individuals visiting from out of state and these payments were made by various means from bank accounts located out side of the State of Florida.  These actions qualify Defendant as an employer regularly and purposefully using modalities of interstate commerce for purposes of the FLSA.  Defendant's yelp reviews show customers from out of state such as Natasha L from Bayonne, NJ.  Another out of state customer is Evan S from New York who was in town for a wedding.

43. From online sources we learn that Martin V. from Texas writes: "Right up front, in the waiting area, is a couple of nice TVs with a Super Nintendo and a Sega Genesis emulator hooked up to them so you can play some old school video games while you wait. Or if that's not your speed (or the games are taken by people who showed up early) there's a beautiful pool table open in the back. To top it off they offer you free beer before and during your appointment."

44. Defendants do all of their online booking through Vagaro, a Dublin, California booking company that supports their website and online systems.  Defendants regularly and purposefully uses both Yelp, a San Francisco, California online marketing and review company as well as

8

Google for their website, another California Company solidifying their position as a qualified employer using instrumentalities of interstate commerce for marketing and attracting customers.

45. Defendants did not track or record all the hours the barbers or barbers that were acting as managers of the store were working during the terms of their employments.

46. Defendants micro managed all aspects of the Barbers and Managers workdays, specifying that the manager had to open and close the store and set the hours of the employees. The instruments used as were purchased and maintained by the employer. Employees were required to turn over their customers names and contact information to Defendants who maintained control of this information. Defendant purchased and owned the chairs, refrigerators, cash registers, product used for customers, cleaning supplies, venue for providing services. Employees may have had their own scissors and a few other instruments that they personally used for their work.

47. Defendants specified the hours that employees worked and their scheduled times. Employees were not allowed to leave work unless the drawer was counted and correct and the shop was cleaned. Employees were required to stay after hours for "meetings" scheduled by Defendants and these meetings were without compensation and unpaid.

48. Defendant trained their employees on how to do the work. All employees had to do the work the same way and even some services advertised by Defendants were advertised to be done in a certain way which all employees were required to follow.

49. Employees were required to wear clothing items with the HQ logo every day.

50. Employees were not allowed to sit in the back room unless on their predesignated lunch break as outlined by Defendants.

51. If an employee had to miss work, they were required to get coverage and/or suffer consequences and threats such as termination.

52. All pricing and discounting was determined by the Employer and Employees had no control over the pricing for their work.

53. Employees were required to arrive at work 15 minutes prior to their shift beginning and this time was unpaid.

54. Employees were required to sign a cleaning list at the end of the day noting that they performed the cleaning tasks required by Defendants and were not permitted to leave until this task was accomplished.

55. Defendants classified Plaintiffs as 1099 independent contractors, however, they were not independent contractors at all. Defendants had almost absolute control over the employees work specifying when and where they could work, how they did their job, when they were to come and go as well as how they are paid. In fact, Defendants grossly underpaid Plaintiffs and improperly and willfully classified them as independent contractors when they were in fact Employees required to perform tasks outside being barbers which include cleaning the shop. See **Exhibit A** which defendant used a similar method for all plaintiffs as the employer requiring and detailing the conditions of employment. Defendants also promised pay pursuant to **Exhibit B** which was not provided.

56. As is described in Exhibit B, 5 open to close shifts were required per week. Defendant HQ was open weekdays from 10 am to 7 pm, 9 full hours and employees were required to arrive early and stay late without pay. They were open 8 hours on Saturdays and 6 hours on Sundays.

57. Defendant knew or should have known that these barbers and manager(s) were not 1099 independent contractors but actual W2 non-exempt employees.

10

58. Defendant was aware that these employees were entitled to overtime when those hours were worked and that they should have been provided an hourly wage as well as other benefits which Defendants avoided by misclassifying these employees.

59. Alternatively, Defendant agreed to pay Plaintiffs based on various oral contracts for their services.

60. Defendant received payment from customers for the services provided by Plaintiffs.

61. Defendant agreed to pay various percentages of the funds received by customers to Plaintiffs based on oral representations which will be more fully understood through discovery. Defendant retained funds provided by customers without paying Plaintiffs what was promised.

62. Additionally, Defendant applied for PPP loan in May of 2020 which was given at $26,439.00 claiming paycheck protection and 4 employees sat the time. The loan was provided by Wells Fargo Bank. Plaintiff Macias was made aware that the proceeds were used for a home improvement project and not used for payroll. This is also illegal because all employees were misclassified as 1099 independent contractors and there was no actual payroll. Plaintiff Macias complained to Defendants of their illegal behavior.

63. Defendants have over 8 barber chairs in their establishment and advertise free beer, in fact, they offered imports which the employees regularly provided to customers.

64. Defendant has willfully failed to pay Plaintiffs and all similarly situated employees in accordance with the Fair Labor Standards Act ("FLSA"). Specifically, Plaintiffs and similarly situated employees were not paid time and a half of their regular rate pay for all hours worked in excess of forty (40) hours per week, nor paid any premium for the overtime hours worked with respect to those employees that worked overtime hours. Plaintiffs and the class of similarly situated employees did not and currently do not perform work that meets the definition of any

exemption under the FLSA, and the Defendant's pay practice are not only clearly unlawful, but UNFAIR as well.

65. Plaintiff Macias worked a minimum of approximately 55 hours per week on average.

66. Upon review of the books and payroll, Plaintiffs discovered gross underpayments and that thousands of dollars accounted for as being paid to Plaintiffs had actually not been paid and were stolen by Defendants, just like the PPP funds.  Discovery will reveal what is owed to Plaintiffs and remains unpaid after a forensic audit of HQ's books is completed.

67. Shortly before Macias was constructively terminated in May of 2022, She began receiving calls form the IRS and Department of Labor.  Macias spoke to Defendants about this issue and made it clear to defendant that Defendant was illegally misclassifying plaintiffs and that there would be consequences. This applied to employees that had worked and been terminated as well as the future employees and the ones currently working for Defendant.

68. Defendant instructed Macias and all employees not to speak to the IRS or Department of Labor.  Defendant required Plaintiffs to continue to break the law and demanded that they not comply with Federal investigations.

69. Plaintiff Macias and others were constructively terminated as they were required to quit in order not to break the law as was demanded by Defendants.

70. Plaintiff Macias is able to protect and represent the Collective or putative Class, and is willing and able and consents to do so.  Plaintiff's consents to be party plaintiffs are attached hereto as Exhibit C.

71. Plaintiff Macias is a proper Class Representative as she worked for Defendants from before the time period involved in this complaint and is familiar with the jog duties and

responsibilities as well as the work conditions of all employees while she was working for Defendants.

72. Plaintiffs allege for themselves, and on behalf of the class wo elect to opt-in to this action that they are entitled to unpaid wages and unpaid overtime pay from defendant for hours worked.

73. Defendant employed well over 10 employees during the alleged time period this complaint covers.

74. Based on the above, Defendants have unjustly enriched themselves at the expense of Plaintiffs.  Including receiving free labor and construction parts from Plaintiff Macias and her father in order to upgrade the store in 2019, these services were provided based on promises of ownership which constitute the oral contract that Defendant breached.

75. All Plaintiffs and class members were illegally misinformed by Defendants that they were not entitled to overtime wages and/or regular pay for the periods in question.

76. Defendants maintained a company policy of willfully refusing to pay Plaintiffs proper wages or for overtime hours and has knowledge of the hours worked though Defendant's failed to keep records of same.

77. At all times material hereto, Plaintiff and Defendants were engaged in an implied agreement that Plaintiff would be employed by Defendants and that Plaintiff would be properly paid as provided for by and not in violation of the laws of the United States and the State of Florida.

78. Plaintiff has retained the undersigned counsel in order that his rights and interests may be protected. The Plaintiff has thus become obligated to pay the undersigned a reasonable attorney's fee.

## COUNT I
### *Wage & Hour Federal Statutory Violation Against HQ*

79.     Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 78 of this complaint as if set out in full herein.

80.     Plaintiffs bring this suit individually, and on behalf of all similarly situated persons composed of the following Class members:

A. All employees working as or managers, who are currently employed or were previously employed with HQ MEN'S HAIRCUTS, LLC within the U.S. and its territories, within the past three years preceding the filing of this lawsuit.

81.  This action is brought by Plaintiffs to recover from Defendants unpaid wages and other benefits they should have received by being misclassified, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq*.

82.  Jurisdiction is conferred on this Court by Title 29 U.S.C. § 216(b).

83.  At all times pertinent to this Complaint, constantly, repeatedly and over many years, Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Defendant obtains and solicits funds, products and customers from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

84.  Upon information and belief, the annual gross revenue of the Defendant was at all times material hereto in excess of $500,000 per annum, and, by virtue of working in interstate commerce, otherwise satisfies the FLSA's coverage requirements.

14

85. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s).  Defendant's business activities involve those to which the Fair Labor Standards Act applies.  The Plaintiffs' work for the Defendant likewise affects interstate commerce.

86. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire and/or from 3 (three) years from the date of the filing of this complaint.

87. At all times material hereto, the Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 *et seq*. in that Plaintiff performed services and worked in excess of the maximum hours provided by the FLSA but no provision was made by the Defendant to properly pay him at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the FLSA.

88. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of regular and overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

89. Defendant has willfully failed to pay Plaintiffs and all similarly situated employees in accordance with the Fair Labor Standards Act ("FLSA").

90. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

A.  Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B.  Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

C.  Award Plaintiff an equal amount in double damages/liquidated damages; and

D.  Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

E.  Require Defendant to reinstate Plaintiff to her position at the rate of pay and with the full benefits she would have, had she not been discriminated against by Defendant, or in lieu of reinstatement, award her front pay;

F.  Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

G.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
### Wage & Hour Federal Statutory Violation Against
### LOSH

91. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 78 of this complaint as if set out in full herein.

92. At the times mentioned, Defendant was, and is now, a corporate officer of corporate Defendant, HQ.

93. Defendant was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the

interests of Defendant employer in relation to the employees of Defendant employer, including Plaintiff.

94. Defendant had operational control of the business and is thus jointly liable for Plaintiff's damages.

95. Defendant willfully and intentionally refused to properly pay Plaintiff(s) overtime wages as required by the law of the United States as set forth above and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendant as set forth above.

96. Defendant intentionally misclassified Plaintiffs as independent contractors in violation of the FLSA and intentionally failed to inform Plaintiff's of their rights to wages, overtime wages and to have Medicare, Social Security and Payroll taxes paid by the employer.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

H.  Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

I.  Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

J.  Award Plaintiff an equal amount in double damages/liquidated damages; and

K.  Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

L.  Require Defendant to reinstate Plaintiff to her position at the rate of pay and with the full benefits she would have, had she not been discriminated against by Defendant, or in lieu of reinstatement, award her front pay;

M. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

N. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

<u>**COUNT III**</u>
*FLSA Retaliation against HQ*

97. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 78 of this complaint as if set out in full herein.

98. 29 U.S.C. § 215(a)(3) of the FLSA states that it is a violation to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

99. Defendant's conduct as set forth above constitutes a violation of the FLSA's anti-retaliation provision.

100.    The motivating factor that caused Plaintiff's adverse employment action as described above was Plaintiff's complaint regarding not being properly paid for all hours worked.

101.    The Defendant's conduct was in direct violation of the FLSA, and, as a direct result, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

H.    Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff rights;

I.    Award Plaintiff actual damages in the amount shown to be due for unpaid wages,

18

with interest; and

J.      Award Plaintiff an equal amount in double damages/liquidated damages; and

K.      Award Plaintiff the costs of this action, together with reasonable attorneys' fees; and

L.      Grant Plaintiff such additional relief as the Court deems just and proper.

## COUNT IV
### *FLSA Retaliation Violation Against LOSH*

102.    Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 78 of this Complaint as if set out in full herein.

103.    29 U.S.C. § 215(a)(3) of the FLSA states that it is a violation to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

104.    Defendant's conduct as set forth above constitutes a violation of the FLSA's anti-retaliation provision.

105.    The motivating factor that caused Plaintiff's adverse employment action as described above was Plaintiff's complaint regarding not being properly paid for all hours worked.

106.    The Defendant's conduct was in direct violation of the FLSA, and, as a direct result, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

T.      Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

U.      Enter judgment against the Defendant for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages, and;

V.      Enter judgment against the Defendant for all front wages until Plaintiffs become 65 years of age; and

W.      Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

X.      Award Plaintiff the costs of this action, together with reasonable attorneys' fees; and

Y.      Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT V
### *Breach of Agreement Against Defendant HQ MEN'S HAIRCUTS, LLC (In The Alternative)*

107.    Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 78 of this complaint as if set out in full herein.

108.    Defendant breached its agreement with Plaintiff by failing to pay the amount due to Plaintiff for services provided and performed under their agreement, and by not properly paying Plaintiff for all hours worked in violation of the laws of the United States and the State of Florida.

109.    Plaintiff suffered damages as a result of Defendants' breach of said agreement.

WHEREFORE, Plaintiff seeks damages from Defendants for breach of agreement, exclusive of pre-judgment interest, costs, and attorneys' fees and any and all other relief that this Honorable Court deems just and proper.

## COUNT VI

***Quantum Meruit Against Against Defendant HQ MEN'S HAIRCUTS, LLC (In The Alternative)***

110.     Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 78 of this complaint as if set out in full herein.

111.     Plaintiff has conferred a benefit onto Defendants by performing and providing services for Defendant.

112.     Defendants have knowledge of the services performed and provided and the benefit provided by Plaintiff.

113.     Defendants accepted Plaintiff's services to Defendants.

114.     Defendants retain an inequitable benefit from Plaintiff by not properly paying Plaintiff for all hours worked in violation of the laws of the United States and the State of Florida.

115.     Plaintiff seeks damages under *quantum meruit* that are the reasonable value of the services rendered to, provided to, and performed for Defendants.

     WHEREFORE, Plaintiff seeks a judgment under *quantum meruit* for damages for the reasonable value of the services performed and provided for Defendants, interest and costs, and other damages deemed just by this Honorable Court.

<u>COUNT VII</u>
***Unjust Enrichment Against Against Defendant HQ MEN'S HAIRCUTS, LLC (In The Alternative)***

116.     Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 78 of this complaint as if set out in full herein.

117.     Plaintiff has conferred a benefit upon Defendants for services performed and provided to Defendants.

118.     Defendants have knowledge of the services performed and provided by Plaintiff.

119.     Defendants voluntarily accepted the services performed and provided by Plaintiff.

21

120.    Defendants unjustly benefit from the services performed and provided by Plaintiff by not

properly paying Plaintiff for all hours worked in violation of the laws of the United States

and the State of Florida.

121.    Plaintiff seeks damages for the value of the work performed to Defendants.

WHEREFORE, Plaintiff seeks a judgment for unjust enrichment against Defendants,

interest and costs, and other damages deemed just by this Honorable Court.

**COUNT VIII**
**VIOLATION OF §448.102, FLORIDA STATUTES**
**Against HQ MEN'S HAIRCUTS, LLC**

122.    Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1

through 78 of this complaint as if set out in full herein.

123.    Section 448.102, Florida Statutes states in relevant part:

"An employer may not take any retaliatory personnel action against an
employee because the employee has:

(3)  Objected to, or refused to participate in, any activity, policy, or
practice of the employer which is in violation of a law, rule, or
regulation."

124.    As a direct and proximate result of Plaintiff's refusal to participate in Federal

Investigations of Defendant, remain misclassified and remain unpaid illegally in violation of the

FLSA and with respect to complaints therefrom, Plaintiffs employment was constructively

terminated.

125.    As a result of Defendants' willful and malicious conduct, and Plaintiff's

termination for refusing about violations of law, rule and regulation, Plaintiffs have experienced

and will continue to experience significant financial and economic loss in the form of lost wages

and lost benefits.   Plaintiff has also experienced and will continue to experience emotional

anguish, pain and suffering and loss of dignity damages.   Plaintiff accordingly demands lost

22

economic damages in the form of back pay and front pay, compensation for his lost benefits, as well as compensatory damages.

126.     Plaintiff also demands her attorney's fees and costs as provided by law.

**WHEREFORE**, Plaintiff prays for the entry of a judgment against Defendant and an award of economic damages in the form of back pay and front pay, as well as compensatory damages, attorney's fees and costs as a result of Defendant's retaliatory conduct in violation of §448.101 et seq., Florida Statutes, and any and all other relief provided by law.

## <u>JURY DEMAND</u>

Plaintiff demands trial by jury of all issues triable as of right by jury.

Date: July 9, 2022                           Respectfully submitted,

                                              _/s/ Daniel H. Hunt_
                                              DANEIL H. HUNT, ESQ.
                                              Florida Bar No. 121247
                                              P.O. BOX 565096
                                              MIAMI, FL 33256
                                              dhuntlaw@gmail.com
                                              Phone: 305-495-5593
                                              Fax:     305-513-5723

# EXHIBIT A



# Pay Scale
### Base pay 45%

| Bi-Weekly Pay | Weekly | Clients/wk ($25/client) | Daily (5 days) | Clients/day ($25/client) |
|---|---|---|---|---|
| **$800+ = 50%** | $400+ | 20-50 | $80+ | 4-10 |
| **$2,400+ = 52%** | $1,200+ | 50-65 | $240+ | 10-13 |
| **$3,200+ = 55%** | $1,600+ | 65-80 | $320+ | 13-16 |
| **$4,000+ = 60%** | $2,000+ | 80+ | $400+ | 16+ |

| # of Customers | Service Sales | # of Customers | Service Sales | # of Customers | Service Sales |
|---|---|---|---|---|---|
| 65 | $1,631.00 | 74 | $1,929.00 | 73 | $1,970.00 |
| 65 | $1,598.00 | 71 | $1,815.00 | 69 | $1,679.00 |
| 66 | $1,446.00 | 73 | $1,759.00 | 70 | $1,678.00 |

# EXHIBIT B

# HQ MEN'S HAIRCUTS

## EMPLOYMENT OFFER FOR **TAYLOR BRADLEY**

### Full time men's stylist postion

**8 week guarantee of $1,100 biweekly, including credit card tips**

> credit card tips are caculated in our POS
> at the end of each pay period credit card tips
> will be subtracted from $1,100 and payroll will
> be issued for the remaining balance to total
> $1,100. Stylist will receive credit card tips

_X_ daily via cash or Venmo

___ left in paycheck

If 50% commission of stylist service sales plus credit card tips isvgreater than $1,100 then payroll will be issued for the greater amount for that pay period.

**Conditions for 8 week guarantee:**
5 open to close shifts a week

Lunch break doesn't exceed 60 minutes

Able to provide the following services:
Men's Basic Haircut (1 guard and up)
Men's Haircut (0-1/2 fades)
Express Beard Trim (basic beard trim no blade)
Child Haircut

Start date: 12/30/20      8 wk guarantee end date: 02/24/2021

Stylist Signature: _(signature)_

Owner/Manager Signature: _(signature)_

# EXHIBIT C

## <u>NOTICE OF CONSENT TO BE A PARTY PLAINTIFF AND/OR JOIN</u>

I, _____COREY MACIAS_____ , hereby  consent, in accordance with 29 U.S.C. §216(b) of

the Fair Labor Standards Act, to become a party plaintiff in this action against my employer,

_____HQ MEN'S HAIRCUTS, LLC._____ , and  to  be  represented  by  the  attorneys  of  Daniel H.

Hunt, Esq. P.O. Box 565096, Miami, FL 33256, dhuntlaw@gmail.com.


Sign Name: _*Corey Macias*_____     Date: ___6/7/2022_____
ID 36xoxYPLMdCURhhNRoHBf3UB


Print Name: _____CORY MACIAS_____

## **NOTICE OF CONSENT TO BE A PARTY PLAINTIFF AND/OR JOIN**

I,     TAYLOR BRADLEY    , hereby consent, in accordance with 29 U.S.C. §216(b) of

the Fair Labor Standards Act, to become a party plaintiff in this action against my employer,

    HQ MEN'S HAIRCUTS, LLC.    , and to be represented by the attorneys of Daniel H.

Hunt, Esq. P.O. Box 565096, Miami, FL 33256, dhuntlaw@gmail.com.

Sign Name: _____      Date: _____

*Taylor Bradley*
ID UPbFUkbgCLshzGf4BbqBuAdk

Print Name:     TAYLOR BRADLEY    

Date: 6/7/2022

## <u>NOTICE OF CONSENT TO BE A PARTY PLAINTIFF AND/OR JOIN</u>

I, _____ , hereby  consent, in accordance with 29 U.S.C. §216(b) of

the Fair Labor Standards Act, to become a party plaintiff in this action against my employer,

_____HQ MEN'S HAIRCUTS, LLC._____ , and  to  be  represented  by  the  attorneys  of  Daniel H.

Hunt, Esq. P.O. Box 565096, Miami, FL 33256, dhuntlaw@gmail.com.

Sign Name: _____                Date: _____6/7/2022_____

Print Name: _____MARISSA WHITE_____

## NOTICE OF CONSENT TO BE A PARTY PLAINTIFF AND/OR JOIN

I, _Shannonwise_ ID RvAAL2hcZcTS9xVF6icYqLyi , hereby consent, in accordance with 29 U.S.C. §216(b) of

the Fair Labor Standards Act, to become a party plaintiff in this action against my employer,

HQ MEN'S HAIRCUTS, LLC. , and to be represented by the attorneys of Daniel H.

Hunt, Esq. P.O. Box 565096, Miami, FL 33256, dhuntlaw@gmail.com.


Sign Name: _Shannonwise_ ID RvAAL2hcZcTS9xVF6icYqLyi          Date: 6/8/2022


Print Name: SHANNON WISE

Sw
ID RvAAL2hcZcTS9xVF6icYqLyi

## NOTICE OF CONSENT TO BE A PARTY PLAINTIFF AND/OR JOIN

I, _____Shawn Burnside_____, hereby consent, in accordance with 29 U.S.C. §216(b) of

the Fair Labor Standards Act, to become a party plaintiff in this action against my employer,

_____HQ MEN'S HAIRCUTS, LLC_____, and to be represented by the attorneys of Daniel H.

Hunt, Esq. P.O. Box 565096, Miami, FL 33256, dhuntlaw@gmail.com.

Sign Name: _____   Date: ___6/9/2022_____

ID Rz6zv6KNiFs5KL37DzdttrZ8

Print Name: ____Shawn Burnside_____

ID Rz6zv6KNiFs5KL37DzdttrZ8